(67 Misc. Rep. 584.)

UNITED BUILDING MATERIAL CO. v. ODELL et al.

(Supreme Court, Special Term, Westchester County. June 1, 1910.)

1. PLEADING (§ 345*)—JUDGMENT ON THE PLEADINGS.

Where the complaint fails to state a cause of action, the court may on motion give judgment to defendant on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1055; Dec. Dig. § 345.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—ACTIONS—ALLEGATION OF COMPLIANCE WITH STATUTE.

A complaint in an action by a foreign corporation on a contract made within the state does not state a cause of action unless it alleges that the corporation has complied with General Corporation Law, § 15 (Consol. Laws, c. 23), relating to the rights of foreign corporations to sue.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2646; Dec. Dig. § 672.*]

3. PLEADING (§ 8*)—CONCLUSIONS—FOREIGN CORPORATIONS—ACTIONS—ALLEGATION OF COMPLIANCE WITH STATUTE.

A complaint in an action by a foreign corporation on a contract made within the state, which alleges that plaintiff is a foreign corporation, "and was then and still is duly authorized to do business in the state," alleges the right to do business in the state under the rule that the performance of statutory conditions precedent to a right to sue may be pleaded in the form of conclusions of fact, without setting out in detail the evidentiary facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 23; Dec. Dig. § 8.*]

4. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—ACTIONS—ALLEGATION OF COMPLIANCE WITH STATUTE.

Where the complaint in an action by a foreign corporation alleged the right of the corporation to do business in the state, an answer specifically admitting the allegation established the right to sue.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2646; Dec. Dig. § 672.*]

Action by the United Building Material Company against Benjamin B. Odell, Jr., and another, as receivers, and others. Motion for judgment on the pleadings denied.

See, also, 123 N. Y. Supp. 1145.

Alexander, Watriss & Polk, for plaintiff.
Franklin Couch and Clifford Couch, for defendants.

TOMPKINS, J. This is a motion made by the defendants Odell and Paine, as receivers, for judgment in favor of said defendants upon the pleadings, under section 542 of the Code of Civil Procedure.

The·plaintiff is a foreign corporation, and brings this action to foreclose a municipal lien. The defendants' claim upon this motion is that the complaint is insufficient in failing to allege that the plaintiff has complied with section 15 of the general corporation law (Consol. Laws, c. 23), which provides that:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract, it shall have procured a certificate from the Secretary of State."

This motion is proper, and the court has power to give judgment to the defendants upon the pleadings, if the complaint fails to state a cause of action. Scheissner v. Goldsticker, 135 App. Div. 435, 120 N. Y. Supp. 333; Crimmins v. Carlyle Realty Co., 132 App. Div. 664, 117 N. Y. Supp. 434; Milliken v. Deposit & Fidelity Co., 129 App. Div. 206, 113 N. Y. Supp. 809. The cases all hold that a complaint in an action by a foreign corporation to recover on a contract

made within this state fails to state a cause of action, unless it alleges that the plaintiff has complied with section 15 of the general corporation law. Portland Co. v. Hall Construction Co., 123 App. Div. 495, 108 N. Y. Supp. 821; Welsbach v. Norwich Gas & Elec. Co., 96 App. Div. 52, 89 N. Y. Supp. 284; Wood & Sellick v. Ball, 190 N. Y. 217, 83 N. E. 21. But in all of the cases in which the court so held the complaints failed to make any statement that could be construed into a compliance with the provision of section 15 of the general corporation law. In the complaints in these cases there was no attempt whatever to plead anything in justification of the right of the foreign corporation to do business in this state. In other words, there was no allegation in either of those cases, either general or specific, showing that the condition precedent in this state, had been performed.

In this case, however, the complaint, after alleging that the plaintiff is a foreign corporation, continues, "and was then and still is duly authorized to do business in the state of New York"; and paragraph first of the answer specifically admits this allegation. It seems to me, therefore, that there is a sufficient allegation in the complaint of the right of the plaintiff to do business in this state, and, moreover, that the defendants have expressly admitted the plaintiff's right by the first paragraph of its answer. While the allegation of the complaint states a conclusion, it is what the Court of Appeals held in the case of Rochester Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008, to be a conclusion of fact, and properly pleaded in that form. The performance of statutory conditions precedent to the right to maintain an action may be pleaded in the form of conclusions of fact without setting forth in detail all the evidentiary facts. Rochester Railway Co. v. Robinson, supra; Schnaier v. Grigsby, 132 App. Div. 854, 117 N. Y. Supp. 455.

If the allegation in the complaint had been denied, then it would have been necessary for the plaintiff, in order to maintain this action, to prove the procuring of the certificate from the Secretary of State, but the admission by the defendant in its answer of that allegation of the complaint makes such proof unnecessary, and establishes the plaintiff's right to maintain this action.

Motion for judgment upon the pleadings is denied, with $10 costs.