IAGO REALTY CORP., Plaintiff, *v.* MARMIN GARAGE CORP., Defendant.

City Court of the City of New York, Special Term, New York County, December 11, 1945.

*Thomas H. Pinney* for plaintiff.

*Samuel I. Levine* for defendant.

SCHIMMEL, J. The plaintiff moves for summary judgment in an action for rent for the months of April, May, June, July and August, 1945, at the rate of $460 per month. Plaintiff has received on account only $200, which is a portion of the April rent.

The defendant contends that the plaintiff has forfeited the right to recover any of this rent because it did not until August 7, 1945, furnish a statement to the defendant, as required by section 3 of chapter 315 of the Laws of 1945 showing the amount of the "emergency rent" to be paid by the defendant. That section became law March 28, 1945. Under it the plaintiff was obliged within twenty days after its effective date to furnish defendant, its tenant, "with an accurate statement of the amount of his emergency rent". The statement was not supplied until after all of the rent in suit had accrued. The same section provides that "if a landlord shall fail, refuse or neglect to furnish any tenant with such statement within the time specified, no rent accruing shall be collectible by such landlord during the period he is in default."

I do not think it necessary to read into this statute a legislative intent that forfeiture be the penalty for noncompliance within the prescribed period. The Legislature did not declare that in the event of the landlord's failure to furnish the statement within the specified time no rent should be payable for the period the landlord remained in default. On the contrary, it provided only that "no rent accruing shall be *collectible* by such landlord during the period he is in default." (Italics

supplied.) It seems to me that the Legislature intended no more than to withhold from the landlord his remedies for the collection of unpaid rent until the required statement was furnished, and that such remedies should be reinstated as soon as the default in supplying the statement was cured. It will be observed that in the next succeeding section of the same chapter (L. 1945, ch. 315, § 4) in the case of a different violation of the statute, express provision for forfeiture was made as follows: "Any landlord who shall wilfully demand or accept a rent in excess of the emergency rent, or a rent fixed pursuant to section four of this act, shall forfeit the succeeding month's rent." It is reasonable to assume that the Legislature would have been equally explicit in section 3 if a forfeiture, instead of a suspension of remedies, had been intended.

Plaintiff did not become entitled to interest upon any of the unpaid rent until it served the statutory statement; not until then did it have the right to demand such rent. Hence, interest will run from August 7, 1945.

Other defenses in the action seem to me to be without merit. The dismissal of the summary proceeding in the Municipal Court, without prejudice, is not an adjudication binding in this action. The proceeding was thus dismissed because before its institution no statement of the emergency rent had been furnished.

Defendant claims also that it made an oral agreement with the plaintiff for a cancelation or surrender of the unexpired term of the lease, upon payment by the plaintiff to it of $10,000, but that plaintiff has refused to pay said sum. However, the lease has not actually been canceled nor has the defendant surrendered possession of the premises. The lease has still much more than a year to run; it does not by its terms expire until April 30, 1947. The agreement to surrender, which defendant says was made in 1945, was to take effect, also according to defendant, on June 1, 1946. This is nothing more than an oral agreement to surrender *in futuro* part of the term of a lease having more than a year to run. It is void. (Real Property Law, § 242.) No such agreement has been pleaded in the answer, but defendant has invoked the principle of *Curry* v. *MacKenzie* (239 N. Y. 267), and asks leave to amend its answer by setting up a counterclaim predicated upon this alleged arrangement. However, defendant cannot defeat the motion for summary judgment by tendering a counterclaim insufficient in law.

Plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice is granted. Judgment may be entered in favor of plaintiff and against defendant in the sum of $2,100 with interest from August 7, 1945.