MAYER MESSINGER, Appellant, *v.* GREAT HUDSON FUR Co., INC., Respondent.

First Department, December 14, 1945.

*Samuel R. Schneider* for appellant.
*Joseph J. Jacobs* for respondent.

*Per Curiam.* Plaintiff's complaint has been dismissed on the ground that under the provisions of the Commercial Rent Law (L. 1945, ch. 3, amd. by L. 1945, ch. 315) he may not institute an action to evict defendant so long as the latter continues to pay rent to which the plaintiff is entitled. However, according to the allegations of the complaint, which for the purposes of this motion must be deemed true, the license granted to defendant by plaintiff to use plaintiff's display windows was not only one terminable at will but one for which defendant apparently paid no rent. Defendant, it may fairly be inferred, was merely a gratuitous licensee. The Commercial Rent Law has no application to such a relationship. The statute relates only to "actions, proceedings and related matters involving unjust, unreasonable and oppressive rents or agreements for rent with regard to premises used or occupied for commercial purposes". (Title of the Act, L. 1945, ch. 3.) The complaint states a cause of action and should not have been dismissed.

The order and the judgment should be reversed, with costs, and the motion to dismiss the complaint denied, with leave to the defendant to answer within ten days after service of order with notice of entry on payment of said costs.

MARTIN, P. J., TOWNLEY, DORE, COHN and WASSERVOGEL, JJ., concur.

Judgment and order unanimously reversed upon questions of law, with costs to the appellant and the motion denied, with leave to the defendant to answer within ten days after service of the order with notice of entry upon payment of said costs, [See *post,* p. 753.]