NICHOLAS APFELBAUM et al., Doing Business under the Name of SICHEL & APFELBAUM, Landlords, *v.* JOSEPH KLUTCH, Doing Business under the Name of SLENDER THEME FASHIONS, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, May 16, 1946.

*Matthew Blei* for landlords.

*I. Leonard Stoll* for tenant.

GENUNG, J. This is a summary proceeding brought for nonpayment of rent for the months of March and April, 1946, to recover the sum of $353.14, which amount was amended at the trial to the sum of $391.

The parties entered into a lease on December 15, 1944, at a rental of $200 per month. Prior to the trial, the landlords

contended that the emergency rent pursuant to chapters 3 and 315 of the Laws of 1945, as amended by chapter 272 of the Laws of 1946, was the sum of $164.07 per month. At the trial, the landlords contended that the correct emergency rental was $183 per month and the petition was accordingly amended to the sum of $391 based on a monthly rental of $183 plus $12.50 per month for Holmes Protective Service. The landlords, by amending the amount sought in the petition at the trial have conceded that the tenant was not served with a correct statement of the emergency rent as required by chapters 3 and 315 of the Laws of 1945, as amended by chapter 272 of the Laws of 1946.

For a first counterclaim, the answer alleges that the correct emergency rental was $142.67, which was amended at the trial to the sum of $97.75, and judgment is demanded in the amount received and collected by the landlords in excess of $97.75 since February 1, 1945.

For a second counterclaim, the tenant seeks a recovery of all of the rent paid in the sum of $2,583.33 for the period from February 1, 1945, to February 28, 1946, on the grounds that all of the rent paid was uncollectible, as being in excess of the emergency rent. Section 3 of the Commercial Rent Law (as amended) states, " no rent accruing shall be collectible by such landlord during the period he is in default " on serving the proper notice. This court does not believe the law intended a complete forfeiture of all rent actually collected. In the case of *Iago Realty Corp.* v. *Marmin Garage Corp.* (186 Misc. 478), it was held that " under statute providing that if landlord should fail to furnish tenant with timely statement of amount of emergency rent, no rent accruing should be collectible during period of default, landlord who delayed in furnishing statement did not forfeit right to rent, but was merely precluded from collecting unpaid rent until required statement was furnished. (L. 1945, ch. 3, §§ 3, 4, as amd. by L. 1945, ch. 315, § 2.) "

However, pursuant to section 4 of chapter 272 of the Laws of 1946, this court must find that the landlords, in willfully demanding and accepting a rental in excess of the emergency rent shall forfeit one month's rent to the tenant herein, namely $97.75.

As a third counterclaim, the tenant seeks judgment against the landlords in the amount of $728.63, which amount was amended at the trial to $1,312.58 to conform to the proof.

Testimony was introduced from the tenant who occupied the space in question on March 1, 1943, that the rental actually paid for that space to the landlords herein was $85 per month. This factual evidence was not disputed.

This court must find as a fact, therefore, that the emergency rental for the space in question was 15% above $85 or $97.75 per month. It therefore follows that the tenant has overpaid the sum of $1,312.58, and are also entitled to $97.75, one month's additional rental, totalling $1,410.33, for which judgment is rendered against the landlords on the counterclaim with interest from February 1, 1945. Since the landlords have failed to serve proper notice of the emergency rental upon the tenant to date, final order must be for the tenant, dismissing the petition. The second counterclaim is dismissed on the merits.