Monoel Realty Corporation, Appellant, *v.* Whitestone Farms, Inc., Respondent.*

Supreme Court, Appellate Term, First Department, January 16, 1947.

---

\* See, also, *Matter of Tudisco (Conover Wine & Liquor Corp.),* 188 Misc. 254.— [Rep.

*Edward Goodell, Abraham Gruber* and *Milton Schaffer* for appellant.

*Elmer L. Steinbock* and *Natalie B. Steinbock* for respondent.

EDER, J. The action was to recover two months' rent of premises to be used as a milk depot. One of the defenses interposed was that the rent demanded was unjust, unreasonable and oppressive and in excess of the rent permitted by law.

The lease states that the parties agree that the rent charged " is the reasonable rental value of the premises ".

Such a statement and agreement between the landlord and tenant is not effective or operative and does not come within the provisions or terms of section 4 of chapter 3 of the Laws of 1945, as amended by chapter 315 of the Laws of 1945, as amended by chapter 272 of the Laws of 1946.

To make the agreement between landlord and tenant effective and operative, there must be compliance or substantial compliance with the requisites specified in the last paragraph thereof (*Roof Health Club* v. *Jamlee Hotel Corp.*, 64 N. Y. S.

2d 473, affd. 271 App. Div. 481[*]): the mere statement in the agreement that the stipulated rent is the reasonable rent is not a compliance with the statute (*Flo-Ru-Na, Inc.,* v. *Zimmerman,* 185 Misc. 759; *Pinto* v. *Rosenblatt,* 62 N. Y. S. 2d 484). The lease in question does not comply with the mentioned enactments.

Under the requirement of section 6 of chapter 3, if the plaintiff, as landlord, had sought to recover possession of the premises for default in the payment of rent, he would be required to allege and prove that the rent charged is not greater than the emergency rent; this is conceded by the appellant; this also was the landlord's burden under the 1920 Emergency Rent Law, and in *Klamer Realty Corporation* v. *Brill* (189 N. Y. S. 92) this court held in a proceeding by the landlord to recover possession under such statute (L. 1920, ch. 944) that the landlord had the burden of proving that the rent demanded was reasonable.

But appellant argues that a different rule obtains where the landlord does not seek to recover *possession* of the premises, but seeks only to recover the rent; that in such an instance the burden is on the tenant, e.g., " the defendant in an action for rent is required to establish what the emergency rent is *and* that the rent sought is in excess of the same."

In support of this predicate the appellant directs attention to the fact that section 7 declares that an excessive or unreasonable rent may be urged as a defense only if it is in excess of the emergency rent, and argues: " The plain language of the statute gives the defendant this one and only defense to the within action. In order to avail itself of the same, it must first establish the emergency rent as defined in Section 2 (c)."

Under the Emergency Rent Law of 1920 the tenant was authorized to interpose a defense to an action for rent for premises occupied for dwelling purposes that the rent was unjust, unreasonable and oppressive, and it was held by this court that the landlord had the burden of proving that the rent demanded was reasonable (*Maitland* v. *Kerrigan,* 187 N. Y. S. 495). Section 7 of the present emergency rent law is of similar character and design. It should, therefore, receive a like construction.

The general rule is that where a defense is pleaded the burden of proving it is on the one who asserts it.

Section 3 provides that " any rent which exceeds the emergency rent shall be *presumed* to be unjust, unreasonable and oppressive. * * * " (Italics supplied.)

* Affd. without opinion 296 N. Y. 883.— [REP.

The duty of establishing the proof of reasonable rent is in nearly every instance upon the landlord. For example, if an action is brought to recover the reasonable rental value for use and occupation of premises, the burden of proof is upon the landlord, irrespective of any statute, and as part thereof it is incumbent upon him to establish what is the reasonable rental value.

If the action is to recover rent as fixed by agreement, express or implied, and the tenant pleads the statutory defense that the rent is unjust, unreasonable and oppressive, the tenant makes out his case by virtue of the statutory presumption, that is, the tenant's prima facie case is established by operation of that presumption; he need go no further than that and the landlord has the burden of coming forward with evidence to overcome that presumption and introduce evidence of the reasonableness of the rent claimed, and if he introduces no evidence to overcome the presumption, the tenant must succeed.

Thus, by virtue of the statute, as well as by the ruling of this court in *Maitland* v. *Kerrigan* (187 N. Y. S. 495, *supra*) the burden of proving that the rent demanded was reasonable was upon the plaintiff-landlord.

The plaintiff also argues that the defendant should be held to be estopped from interposing said defense, because the plaintiff acted throughout, in good faith, and defendant, after having obtained advantages based upon its agreement that the rent agreed on was the reasonable rental value of the premises, should not be permitted to now claim otherwise.

I see no force to this contention.

Section 12 of chapter 315 provides as follows: " § 12. Any waiver of any of the provisions of this act shall be unenforceable and void."

The manifest purpose of this enactment is that the provisions of the act shall be available at all times and in consequence the tenant may not be charged with having waived the right to plead that the rent demanded is unjust, unreasonable and oppressive and exceeds the emergency rent as defined in the statute.

This provision is the public policy of the State with respect to waiver. " Public policy is the interest of others than the parties " and that interest may not be set at naught by the acts or conduct of any party alone (*Beasley* v. *Texas & Pacific Railway Co.*, 191 U. S. 492, 498).

If the acts and conduct of a party may not result in waiver of the public policy of the State, may it be nullified or rendered ineffective by applying the doctrine of estoppel?

I am of opinion it may not because it would be, in effect, a circumvention when we consider, firstly, that a waiver is in the nature of an estoppel; secondly, that waiver and estoppel are closely related and have some elements in common, are maintained on similar principles, and generally the relief asked under each doctrine is the same, i.e., preclusion; and, thirdly, that often waiver and estoppel are convertible terms. '' Waiver belongs to the family of estoppel * * *.'' (*Maloney* v. *Masonic Aid Assn.*, 8 App. Div. 575, 579.)

It is my conclusion, therefore, that a tenant is not precluded by the doctrine of estoppel from availing himself of any of the provisions of said act which he may invoke and that the defense here interposed by the tenant was fully available to it.

The judgment should be affirmed, with $25 costs.

SHIENTAG, J., concurs; HAMMER, J., concurs in result.

Judgment affirmed.