**58**

EMPIRE PLEXIGLASS CORP., Plaintiff, *v.* ENTERPRISE INDUSTRIES, INC., Defendant.

City Court of the City of New York, Special Term, Bronx County, October 16, 1947.

*Albert W. Fribourg* and *Louis M. Fribourg* for plaintiff.

*Donald M. Newman* for defendant.

BONEPARTH, J. In this action for rent, the complaint is based upon a written lease, entered into between the plaintiff, as landlord, and the defendant's assignors, as tenants. The lease is dated April 12, 1946, and is for a period of five years, commencing May 1, 1946, and fixes an annual rental, payable in monthly installments. The tenants entered into possession of the premises, after the execution of the lease. Defendant admits the execution of "the paper" by its assignors, but contends that it is void, and that the rental fixed therein was not fixed pursuant to statute, and is, therefore, illegal. The answer further alleges that the rental fixed in the lease or "paper" is "substantially in excess of the rental permitted by law."

The lease, which forms the basis of the complaint, contains the following clause: "29. Pursuant to Chapter III of the Laws of 1945, as amended, all of the parties hereto, either personally or through their accredited representatives, have examined the rents being charged for premises comparable to the premises herein rented and have made inquiries as to the amount charged for such premises on the 1st day of March 1943, and after such examination and the consideration of other relevant evidence, the parties hereto agree that the reasonable rent for the premises herein rented as of the 1st day of March, 1943, was $4200 per annum."

The lease is not attached to or incorporated in the complaint, but is submitted as a part of the moving papers on this motion.

Plaintiff moves under rule 113 of the Rules of Civil Practice, for summary judgment.

Both parties recognize, by their briefs, that the instant situation is governed by subdivision (e) of section 2 of chapter 3 of the Laws of 1945 (as amd. by L. 1946, ch. 272; L. 1947, ch. 822; Commercial Rent Law).

That section reads in part as follows: "(e) 'Emergency rent.' The rent reserved or payable under any lease, agreement or tenancy of commercial space in force on March first, nineteen hundred forty-three, plus fifteen per centum of such rent; provided that if the commercial space was not used or

occupied on such date for commercial purposes, the emergency rent shall be the reasonable rent therefor as of such date, plus fifteen per centum thereof, to be fixed by agreement, by arbitration, or by the supreme court * * *.''

Defendant urges, among other arguments, that the complaint herein is defective and insufficient to state a cause of action.

Unless a cause of action is stated in the complaint, plaintiff cannot succeed on this motion for summary judgment. (*Gubin v. City of New York*, 154 Misc. 547; *Maxrice Realty Co. v. B/G Sandwich Shops, Inc.*, 239 App. Div. 472, 474; *Tauber v. National Surety Co.*, 219 App. Div. 253.)

Defendant contends that the complaint is defective, in failing to allege the following:

(1) That the commercial space was not used or occupied on March 1, 1943, for commercial purposes;

(2) That the landlord furnished the tenant with an accurate statement of the amount of his emergency rent. (L. 1945, ch. 3, § 3 as amd.)

(3) That the emergency rent was fixed as provided by statute.

An agreement between landlord and tenant, fixing the emergency or reasonable rent, is effective or valid only when there is compliance or substantial compliance with the statute. (*Moncel Realty Corp. v. Whitestone Farms*, 188 Misc. 431, 432; *Roof Health Club v. Jamlee Hotel Corp.* 271 App. Div. 481, affd. 296 N. Y. 883.)

Under that part of subdivision (e) of section 2 above quoted, before the agreement fixing the rent can be operative, the commercial space, involved herein, must have been unused or unoccupied as such on March 1, 1943.

This is a condition precedent, '' * *. * a fact * * * which * * * must exist or occur before a duty of immediate performance of a promise arises * * *.'' (Restatement, Contracts, § 250; 15 C. J. S. Condition, 811.)

Where a condition precedent must be performed, or must exist, before a contract can have validity, the plaintiff is required to plead and prove the performance or existence of the condition precedent.

'' Where one seeks to maintain an action under the statute, it is a sound and well-settled rule of pleading that he must state especially every fact requisite to enable the court to judge whether he has a cause of action under the statute.'' (*Rosenstock v. City of New York*, 97 App. Div. 337, 341. See, also, 3 Carmody on New York Pleading and Practice, p. 1797; 4 Encyclopedia of Pleading and Practice, p. 655.)

It was held in *Wood & Selick* v. *Ball* (190 N. Y. 217) that a foreign corporation suing in the courts of this State, on a contract made within this State, must plead and prove compliance with the statute requiring it to obtain, before doing business, a certificate from the Secretary of State. (See, also, *United Building Material Co.* v. *Odell,* 67 Misc. 584, 585.) Without such license, the contracts of the corporation are not lawful. (*Wood & Selick* v. *Ball, supra,* p. 224.)

Accordingly, since by statute, no agreement, under that part of subdivision (e) of section 2 above set forth, can be valid, unless the premises involved were not used or occupied for commercial purposes on March 1, 1943, that condition precedent must be pleaded.

Section 3 of the Commercial Rent Law (L. 1945, ch. 3, as last amd. by L. 1947, ch. 822) reads in part as follows: " Every landlord * * * shall furnish each tenant with an accurate statement of the amount of his emergency rent, and in the case of commercial space not used or occupied on March first, nineteen hundred forty-three, such statement shall be furnished within twenty days after such rent shall be fixed or determined pursuant to subdivision (e) * * *. If a landlord shall fail, refuse or neglect to furnish any tenant with such statement within the time specified, no rent accruing shall be collectible * * * during the period he is in default * * * ".

This section has been interpreted to mean that a landlord, who is in default in furnishing such statement, does not forfeit his rent, but the remedies for collecting unpaid rent are withheld until such statement is furnished. (*Iago Realty Corp.* v. *Marmin Garage Corp.,* 186 Misc. 478, 480.)

The part of section 3 above quoted is similar to section 218 of the General Corporation Law, which provides in part that " A foreign corporation * * * doing business in this state shall not maintain any action in this state upon any contract made by it in this state, unless before the making of such contract it shall have obtained a certificate of authority."

Under section 218 of the General Corporation Law (and its predecessors) it has been held that compliance with that section, procuring the required certificate is a condition precedent, and must be alleged in the complaint. (*Wood & Selick* v. *Ball,* 190 N. Y. 217, *supra; United Building Material Co.* v. *Odell,* 67 Misc. 584, *supra.*)

It is, therefore, necessary that the complaint, in the instant action, set forth compliance with the condition precedent to

the collection of rent, required by section 3 and allege the furnishing of the rent statement.

It might be urged in the instant case, that service of such statement is not required, because the tenant has signed a lease or agreement fixing the emergency rent, and therefore has knowledge or notice of that rent.

But the statute makes no exception.

The statute (L. 1945, ch. 3, § 2, as amd.) permits the rent to be fixed (on commercial property not so used or occupied on March 1, 1943) by agreement, by arbitration or by the Supreme Court.

Section 3 makes no exception or distinction, so far as the service of the rent statement is concerned, between these methods of fixing rent. That section provides, " * * * in the case of commercial space not * * * occupied on March first, nineteen hundred and forty-three, such statement shall be furnished within twenty days after such rent shall be fixed or determined pursuant to subdivision (e) of section two hereof. * * * "

However, where the emergency rent is fixed by agreement pursuant to subdivision (e) of section 2, and a copy of the written agreement or lease, containing a statement of the rent is delivered to the tenant, no separate or additional statement of rent would seem to be necessary.

In *Roof Health Club* v. *Jamlee Hotel Corp.* (271 App. Div. 481, affd. 296 N. Y. 883, *supra*) the court had before it an agreement fixing rent under section 4 (L. 1945, ch. 3, § 4, as amd.). That section provides that the agreement, to be signed by both tenant and landlord, shall contain a statement that " * * * the landlord has advised the tenant prior to the making of such agreement of the right to continue " to pay the emergency rent. The court said at page 484: " We readily agree with Special Term's determination that the advice by the landlord to the tenant of its rights under the emergency rent law need not be contained in any writing separate and independent from the lease, and we also agree with Special Term that the notice contained in the lease here, while not in the exact words of the statute, was a substantial compliance with the requirement that plaintiff [tenant] be notified of his right to continue to pay the emergency rent * * * ."

Furthermore, it is to be noted that the agreement fixing the emergency rental under that part of subdivision (e) of section 2 here under discussion, need not be in writing. This differs from an agreement under section 4 (L. 1945, ch. 3, § 4, as amd.),

under which an agreement must be in writing (*Logan* v. *Sherman*, 188 Misc. 1023); and from an agreement, under the latter part of subdivision (e) of section 2, where the statute requires a written agreement. This furnishes another reason why section 3 (*supra*) must be interpreted, as requiring the service of a rent statement, where a rent agreement is reached under subdivision (e) of section 2.

Defendant further urges, that the complaint is insufficient, in that it fails to allege that the rent was fixed pursuant to the statute.

The tenant was not in possession of the premises at the time of the execution of the lease. Plaintiff further contends that the premises were not used or occupied for commercial purposes on March 1, 1943.

Plaintiff urges that the parties fixed the emergency rent by agreement, as provided by subdivision (e) of section 2. But the complaint does not allege that the parties agreed upon the emergency rent. It merely alleges that the parties "entered into a written lease * * * at an annual rental of * * * $4200.00 payable in equal monthly installments. * * *."

This is not a compliance with the statute.

"The lease between the parties, with its stipulated rental, is not an agreement fixing an emergency rent within the meaning of the statute. Nor may it be taken as a waiver on the tenant's part of any of the benefits conferred upon him by the statute (L. 1945, ch. 315, § 12)." (*Flo-Ru-Na Inc.*, v. *Zimmerman*, 185 Misc. 759, 761.)

The plaintiff here seeks to avail itself of the rights conferred by subdivision (e) of section 2.

Under such circumstances, the plaintiff is required to plead the making of the statutory agreement.

"Where the plaintiff wishes to avail himself of a statutory privilege or right founded upon particular facts he must state those facts in his complaint." (4 Encyclopedia of Pleading and Practice, p. 655; *Rosenstock* v. *City of New York*, 97 App. Div. 337, *supra*.)

The fact that the lease submitted as a part of the motion papers, contains a recital, hereinbefore set forth, that the "parties hereto agree that the reasonable rent * * * was $4200 per year" cannot aid the complaint. As hereinbefore noted, the lease is not annexed to the complaint.

"It has been repeatedly held by this and other courts that the mere reference to a contract in a pleading does not make that contract a part of the pleading unless a copy of it is

annexed.'' (*Du Pont Auto Distributors, Inc.,* v. *Du Pont Motors, Inc.,* 213 App. Div. 313, 315.)

It is not intended by the foregoing, to rule that the agreement fixing the emergency rent must be contained in a separate writing. It may be contained in the lease itself. (*Roof Health Club* v. *Jamlee Hotel Corp.,* 271 App. Div. 481, affd. 296 N. Y. 883, *supra.*)

Nor is it intended herein to indicate that the plaintiff is required to allege all of the steps taken in arriving at the agreement.

'' It is not good pleading to set forth the evidence relied on to establish a fact, and it was enough to allege that the parties ' mutually agreed ' without alleging what each said in making the agreement * * *.'' (*Grossman* v. *Schenker,* 206 N. Y. 466, 470; see, also, *Williamson* v. *Wager,* 90 App. Div. 186, 191; *Levy* v. *Cohen,* 103 App. Div. 195; *Rochester Ry. Co.* v. *Robinson,* 133 N. Y. 242, 246.)

*Roof Health Club* v. *Jamlee Hotel Corp.* (271 App. Div. 481, affd. 296 N. Y. 883, *supra*) cited by plaintiff, has no bearing on the questions of pleading herein discussed. That was an action by a tenant against the landlord, and no questions of pleading were involved.

The question is presented whether the making of the agreement fixing the emergency rent and the furnishing of a rent statement are conditions precedent or matters of defense to be pleaded by the defendant, tenant, in view of the provisions of section 7. (L. 1945, ch. 3, § 7, as amd.) That section provides in part as follows: '' In any action to recover rent for commercial space * * * it shall be a defense that such rent is unjust, unreasonable and oppressive if such rent is in excess of the emergency rent * * *.''

In this connection it is to be noted, that it has been held that in actions for rent, the landlord has the burden of proving that the rent charged is not greater than the emergency rent for the commercial space involved. (*Moncel Realty Corp.* v. *Whitestone Farms, Inc.,* 188 Misc. 431; *Hardwood Sawdust Co.* v. *Metro Export Packers,* 187 Misc. 450.)

Furthermore, the statute here involved is declared by the Legislature '' * * * to be a measure designed to protect and promote the public health, safety and general welfare * * *.'' (L. 1945, ch. 3, § 1.)

Where the statute requires, as a protective measure, that certain acts must be performed, before a contract can be valid or enforcible, or before legal remedies can be invoked, the per-

formance of those acts are conditions precedent, and must be alleged and proved by a plaintiff suing on such contract. (*Wood & Selick* v. *Ball*, 190 N. Y. 217, *supra*; *McEvoy* v. *American Lumberman's Mut. Cas. Co. of Ill.*, 51 N. Y. S. 2d 306, 307–308, affd. 269 App. Div. 857, affd. 295 N. Y. 906.)

The provisions of the statute requiring (a) the furnishing of the rent statement and (b) the fixing of the emergency rent (by agreement, in the instant case) are then provisions designed for the protection of the public.

Provision (a), the furnishing of the rent statement, must precede any action for rent. (*Iago Realty Corp.* v. *Marmin Garage Corp.*, 186 Misc. 478, *supra*.) Provision (b), the agreement fixing the emergency rent, is a prerequisite to the effectiveness or validity of the lease in question.

Accordingly, they are conditions precedent and must be alleged in the complaint.

Plaintiff urges upon the court the equities of the situation. A similar argument was advanced and rejected in *Wood & Selick* v. *Ball* (190 N. Y. 217, *supra*), there the court said, at page 225: "It is suggested that a recovery ought to be permitted, if possible, because the defendant had the goods, and it is equitable that she be compelled to pay for them, but that which a statute prohibits is not equitable, and, as was said below, ' the logic of that suggestion might do away with the statute in every instance.' " Similarly, in *Moncel Realty Corp.* v. *Whitestone Farms, Inc.*, 188 Misc. 431, *supra*) an action for rent, the Appellate Term, First Department, said at page 434, " The plaintiff also argues that the defendant should be held to be estopped from interposing said defense, [of unreasonableness of the rent] because the plaintiff acted throughout, in good faith, and defendant, after having obtained advantages based upon its agreement that the rent agreed on was the reasonable rental value of the premises, should not be permitted to now claim otherwise." The court rejected the plaintiff's argument, holding that since the statute provided that any waiver of its provisions shall be void, there could be no estoppel.

Accordingly the motion for summary judgment by the plaintiff is denied, with leave to renew, after the complaint has been amended, if plaintiff is so advised.

No other question has been considered or passed upon. Order signed.