JAMES WESLEY et al., Landlords, *v.* HOSEA BRINKLY, Tenant.

Municipal Court of the City of New York, Borough of Brooklyn, November 28, 1950.

*Samuel Fagelman* for landlords.

*Irving Leavitt* for tenant.

HERZKA, J. The landlords in this summary proceeding have moved at Special Term to strike the cause from the jury calendar on the ground that a lease entered into between the parties pro-

vides for a waiver of the tenant's right to a trial by jury. In opposition the tenant contends that the lease is invalid, and the waiver therein contained is ineffective.

It is not disputed that the parties signed a lease affecting commercial property and that one of the paragraphs of the lease contained a waiver of the tenant's right to a trial by jury. However, the stipulated rent, exceeding in amount the emergency rent, was not fixed pursuant to the provisions of the emergency rent law. No agreement was entered into fixing the reasonable rent and no option to cancel within sixty days was given to the tenant, in accordance with the law then in effect. Under the circumstances the lease was not a binding agreement sufficient to satisfy the emergency rent law. (*Flo-Ru-Na* v. *Zimmerman,* 185 Misc. 759.)

The fixation of rent by arbitration or by the Supreme Court or by written agreement, and the granting of an option to the tenant to cancel such agreement, were conditions precedent, and until these conditions were complied with, the parties had no valid lease. The mere stipulation of the amount of rental in the lease did not constitute the agreement for rent contemplated by law (*Flo-Ru-Na* v. *Zimmerman, supra*). An agreement between landlord and tenant fixing the emergency rent is effective and valid only when there has been at least substantial compliance with the statute. (*Moncel Realty Corp.* v. *Whitestone Farms,* 188 Misc. 431; *Roof Health Club* v. *Jamlee Hotel Corp.,* 271 App. Div. 481, affd. 296 N. Y. 883.) Here no attempt was made to comply with the statute.

In addition to the foregoing it is alleged by the tenant and not denied by landlords that in a prior action between the parties " for rent overcharges based upon the invalidity of the aforesaid lease " the very lease involved in this proceeding has been " declared invalid by the decision \* \* \*."

Since the lease did not become operative, neither of the parties is entitled to rely upon its terms, and the provision containing the tenant's waiver of a jury trial cannot be enforced. (*Viro Realty Corp.* v. *Belmont,* 275 App. Div. 283.)

The case cited by the landlords is not applicable to the facts in this case. While the terms of a valid lease may be projected, upon its expiration, into a statutory tenancy, if not inconsistent therewith, in the case at bar there is no valid lease.

The motion to vacate the jury demand and strike this cause from the jury calendar is denied.