JOSEPH H. WATERS et al., as Executors of EDWARD WATERS, Plaintiffs, *v.* JOSEPH JACOBS et al., Defendants.

Municipal Court of the City of New York, Borough of The Bronx, March 16, 1951.

*Frederick J. Waters* for plaintiffs.

*Harry L. Sitomer* for defendants.

LORETO, J. These consolidated actions are brought to recover the sum of $1,353.75 representing three months' rent claimed under a lease made on October 1, 1946, covering business property.

The plaintiffs have moved for summary judgment. The sole defense interposed by the defendant Schneider is that the lease is invalid in that it fails to set forth a statement giving the tenant an option to cancel the agreement on sixty days' notice as specified by section 4 of Business Rent Law (L. 1945, ch. 314, as amd.). Based on this premise, the defendant Schneider has interposed a counterclaim for $2,390 claiming this sum represents rent unlawfully obtained by the landlord during the preceding two-year period.

The defendant has interposed no answering or opposing affidavits to this motion. The facts asserted in the plaintiffs' moving papers, therefore, are accepted as true. They recite that the defendant first became a tenant of the plaintiffs in November, 1943, when the present store premises were let in three sections, one to this defendant and a second to another tenant, the third being unoccupied; and that on October 1, 1946, the plaintiffs leased all three sections as one unit to the defendant. At that time the parties attempted to establish the emergency rent for the entire store by a written agreement attached to the lease.

It is significant to note that three years later, in a summary proceeding for nonpayment of rent brought by the landlord under the said lease and agreement, the tenant raised an objection to their legality. And during the suit, on October 27, 1949, both parties, represented by attorney, entered into a stipulation of settlement on the record, wherein they agreed among other things to extend the term of the lease, to reduce the rent, to give the tenant the right to sublet a portion of the premises with the landlord's consent, to execute a new lease therefor and

to exchange general releases. The terms of the stipulation of settlement were effectuated as agreed, the new lease now assailed having been executed on the same date.

It is also significant to note that the tenant thereafter exercised the privilege to sublet a portion of the premises on obtaining the landlord's permission as provided in the lease.

The tenant's contention that this lease is not in compliance with the Business Rent Law in the respect aforementioned raises a question of law for the court to determine.

In the case of *White Way Arcade* v. *Broadway Turtle King* (273 App. Div. 281, 283, 285), the majority opinion by COHN, J., states: "The emergency rent legislation was enacted to meet a public emergency and the mischief which the Legislature sought to remedy was the exaction of unjust, unreasonable and oppressive agreements for the payment of rent. * * * The courts have repeatedly held that emergency rent laws are inapplicable to cases which fall outside the purpose and intent of the statute (*Messinger* v. *Great Hudson Fur Co., Inc.*, 270 App. Div. 168; *WMCA, Inc.* v. *Blockfront Realty Corp.*, 272 App. Div. 800, motion for leave to appeal denied, 297 N. Y. 1042; *44 West Fourteenth Street Co.* v. *Chanlan Corporation*, 73 N. Y. S. 2d 95; *Kesbec, Inc.* v. *City of New York*, 189 Misc. 719, 721; *Cleaners Holding Corp* v. *Trunz, Inc.*, 272 App. Div. 825; *Petti* v. *Gross*, 62 N. Y. S. 2d 13)."

It seems to this court that the case at bar is not one which the Legislature intended to cover by the statute cited. The attack of the former lease in the prior litigation ended in a court settlement which resulted in the present lease together with an exchange of general releases. It has been held that the termination of litigation by settlement in court is a situation that falls outside the purpose and purview of the statute (see *Cleaners Holding Corp.* v. *Trunz, Inc.*, 272 App. Div. 825). Viewing the facts herein from such an aspect, the court declines to sustain the defendant's argument.

And also if considered from the following aspect, the defendant's contention is overruled. Since the premises leased were not entirely occupied on the rent freeze date, the reasonable emergency rent could properly be fixed by agreement between the parties pursuant to subdivision (c) of section 2 of the act, wherein it is not required that such agreement contain a statement granting to the tenant an option to cancel the lease on sixty days' notice. Whereas, a situation where the premises were occupied on the rent freeze date and a rental in excess of the emergency rent is sought, falls **within** the provision of **para-**

graph (iii) of subdivision 3 of section 4 of the act, which requires such a statement in the agreement. The case of *147 East 86th St.* v. *Yaeger* (190 Misc. 458) is expressly in point.

In the court's opinion there is no triable issue in this case either on the plaintiffs' complaint or on the counterclaim, and accordingly the plaintiffs' motion is granted in all respects, directing the entry of judgment on his causes of action for the amount therein claimed with interest and dismissing the counterclaim. Five days' stay of execution.