Matthew J. Jasen, J.
Plaintiffs move, pursuant to CPLR 3211 (subd. [b]) to dismiss defendant James Sheldon’s first affirmative defense, on the grounds that a defense is not stated and that there is no merit to the defense.
The affirmative defense to which plaintiffs object alleges that defendant James Sheldon, at the time of the incidents involved in the action, stood in loco parentis to the unemancipated infant plaintiff.
This is a negligence action brought by Betty Jo Miller individually and as parent and natural guardian of Thomas Miller, a two-year-old infant, for personal injuries sustained on November 25, 1965, while the infant plaintiff was a passenger in an automobile owned and operated by defendant James Sheldon and which vehicle came into collision with a- second automobile owned and operated by the other defendant Thomas Davis.
The infant was placed in defendant Sheldon’s home as a foster child by the Brie County Department of Social Welfare, when said infant was about 10 days old, and has resided therein ever since.
Throughout this period, full financial support for the child was provided by the Department of Social Welfare. There were *765 periodic inspection visits to the home hy a case worker from the agency and no evidence has been offered to indicate or suggest that the care and attention offered the child by the foster parents was in any way unsatisfactory or inadequate.
It is well recognized that an unemancipated infant is barred from maintaining an action against his natural parent for damages for personal injuries arising from ordinary negligence. (Cannon v. Cannon, 287 N. Y. 425; Badigian v. Badigian, 9 N Y 2d 472.)
This immunity also extends to one in loco parentis. (Rutkowski v. Wasko, 286 App. Div. 327.)
"Whether a person, such as Sheldon, stands in loco parentis which would render him immune from civil liability in a negligence action by an unemancipated infant, is primarily a question of intent to be determined in the light of the circumstances in each case. (Rutkowski v. Wasko, supra; Niewiadomski v. United States, 159 F. 2d 683.)
Where the evidentiary facts presented are in conflict or where different inferences may reasonably be drawn from the evidence, the issues should not be resolved as a matter of law and the defendant should have an opportunity under his affirmative defense to a separate trial to determine whether he stands in loco parentis to the infant plaintiff.
In order to determine whether there are questions of fact as to the intent of defendant Sheldon, let us examine the undisputed facts.
The infant was placed in the home of defendant Sheldon and his wife by the Department of Social Welfare, subject to their supervision and direction. As foster parents, they took excellent care of the child, treated him equally with their own three children “ in such matters as care, education, training and discipline ’ ’. They devoted ‘ ‘ great periods of time teaching the said infant all the necessary primary skills of life, such as eating, walking, speech and other progressions of a similar nature.”
However, Sheldon and his wife were compensated by the Department of Social Welfare for their services as foster parents.
In the opinion of the court, it is insufficient to establish the fact that one stands in loco parentis by providing instruction and care for the general welfare of the child.
To establish such relationship, there must be in addition to those factors, an assumption by the defendant of the responsibility for the support of the child. (Strauss v. United States, 160 F. 2d 1017, 1018; Fox v. Mission of the Immaculate Virgin, 202 Misc. 478, affd. 280 App. Div 993.)
*766 This obligation, inherent in the parental relationship to a minor child, was not assumed by the defendant.
Therefore, the motion to dismiss the first affirmative defense should be granted.