■ JEFFREY R. LYNCH, an Infant, by His Mother and Natural Guardian, SANDRA LYNCH, et al., Appellants, v ROBERT LYNCH, Respondent, et al., Defendants. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Green, J.), dated August 12, 1981, as granted the branch of defendant Robert Lynch's motion which sought to dismiss plaintiffs' amended complaint as against him. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and the aforesaid branch of the motion is denied. Although Special Term was correct that paragraph 40 of plaintiffs' amended complaint alleging negligent supervision of the infant plaintiff by defendant Lynch is not actionable (see *Holodook v Spencer,* 36 NY2d 35), paragraph 38, alleging that defendant Lynch's acts created the hazard leading to the infant plaintiff's injuries, is a separate and cognizable claim. (See *Hurst v Titus,* 77 AD2d 157.) Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.

■ MERRICK PARK GARDENS COOPERATIVE APARTMENTS, INC., Respondent, v WILLIAM PRITCHETT, Appellant. — In an action for a permanent injunction against further use of an antenna, defendant appeals from a judgment of the Supreme Court, Queens County (Graci, J.), dated June 10, 1981, which declared that plaintiff's board of directors had the power to enact a rule and regulation prohibiting the maintaining of an antenna on the corporate buildings, determining that defendant had breached and violated the terms of his occupancy lease by maintaining such an antenna in violation of the corporate rules and regulations, and directed defendant to remove said antenna within 30 days after entry of judgment. Judgment affirmed, without costs or disbursements. The defendant's time to remove the antenna is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry. Although we do not find that the installation of defendant's ham radio antenna constituted a structural alteration, neither, on this record, do we find anything unreasonable about plaintiff's adoption of a rule or regulation prohibiting installation of antennas on the outside of its buildings. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.