Allen H. ROSENBERG and Randy Joy
Rosenberg, an Infant, by her Father
and Natural Guardian, Allen H. Rosenberg, Plaintiffs-Appellants,

v.

David SILVER and Teena Silver,
Defendants-Appellees.

Cal. No. 785, Docket 84–7892.

United States Court of Appeals,
Second Circuit.

Argued Feb. 20, 1985.

Decided May 21, 1985.

Robert Bloom, Garden City, N.Y. (Bloom
& Amrod, Garden City, N.Y., on brief), for
plaintiffs-appellants.

James Kelly, Deer Park, N.Y. (Kelly,
Luglio & Costello, Deer Park, N.Y., on
brief), for defendants-appellees.

Before VAN GRAAFEILAND, WINTER
and PRATT, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

This is an appeal from a judgment of the
United States District Court for the Eastern District of New York (Altimari, J.) dismissing the complaint in a negligence action. The complaint alleges that Randy
Joy Rosenberg, a 17 year old infant, resides with her father and natural guardian,
Allen Rosenberg; that on January 3, 1981
Randy fell and injured herself while descending a staircase in a house owned by
David Silver and maintained and controlled
by David and Teena Silver. The complaint

then alleges that the accident was caused by defendants' negligence in that:

> they failed to properly maintain and repair the light fixture above or near said stairway in working condition; they failed to provide an alternative adequate source of light for persons using said stairway, although on information and belief defendants knew that the lighting fixture above or near said stairway had previously malfunctioned; they failed to provide any warning of or protection from the dangerous condition of the sharp pointed edge of the iron railing adjacent to said stairway, and defendants were otherwise negligent.

Defendants assert as an affirmative defense that the action may not be maintained by Randy "by reason of the parent-child relationship between the infant plaintiff and the defendants." Plaintiffs moved pursuant to Fed.R.Civ.P. 56(a) for an order granting summary judgment and dismissing this defense as contrary to law. Defendants cross-moved to dismiss the complaint "upon the grounds that no cause of action is stated and the action may not be maintained as a matter of law."

Asserting that "[t]he gravamen of plaintiffs' complaint is the alleged negligent supervision of the infant plaintiff", the district court denied plaintiffs' motion for summary judgment and granted defendants' "cross-motion to dismiss." We affirm the denial of plaintiffs' motion for partial summary judgment but reverse the judgment dismissing the complaint.

■ No legitimate argument can be made that plaintiffs' complaint is subject to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action. The complaint alleges, simply but adequately, that the infant plaintiff was injured through the negligence of the defendants. It states a cause of action.

The only affidavits submitted to the district court were those of the parties' attorneys, neither of whom had direct personal knowledge of the facts. Accordingly, except as to matters that were undisputed, these affidavits could not be used to support the summary disposition of plaintiffs' claims. *United States v. Bosurgi*, 530 F.2d 1105, 1111–12 (2d Cir.1976). The only pertinent undisputed facts are that Teena Silver and Allen Rosenberg are Randy's natural parents, David Silver is her stepfather, and Randy was residing with the Silvers on the day of the accident. Assuming that these facts may be considered together with the allegations of the complaint, it nonetheless may not be said as a matter of law that this was simply a case of negligent parental supervision.

■ In the first place, there has been no showing that the defendant, David Silver, had a parental relationship with Randy Rosenberg. "Whether a stepfather with whom a minor resides stands *in loco parentis* is generally a question of fact to be resolved in the same manner as other factual problems arising in common-law actions." *Rutkowski v. Wasko*, 286 A.D. 327, 331, 143 N.Y.S.2d 1 (1955). Before a stepfather will be treated as a parent, there must be a factual showing that he intended to assume the duties of a natural father in supporting, educating, and instructing the child and caring for the child's general welfare. *Id.* Because there has been no such showing with regard to David Silver, he has not yet established a valid defense of parental immunity. Mr. Silver has the burden of proving this affirmative defense. *Miller v. Davis*, 49 Misc.2d 764, 765, 268 N.Y.S.2d 490 (1966); *see Moncel Realty Corp. v. Whitestone Farms, Inc.*, 188 Misc. 431, 433, 68 N.Y.S.2d 673, *aff'd*, 272 A.D. 899, 72 N.Y.S.2d 407 (1947) (*mem.*). His counsel did not shift that burden to the plaintiffs with his own conclusory assertion that Silver was acting *in loco parentis*.

■ Although Teena Silver is Randy's natural mother, we are compelled to disagree also with the district court's conclusion that, as a matter of law, the complaint against Teena alleged only negligent supervision. We recognize that, although, in *Gelbman v. Gelbman*, 23 N.Y.2d 434, 297 N.Y.S.2d 529, 245 N.E.2d 192 (1969), the New York Court of Appeals departed from

a long-standing New York rule prohibiting child-parent suits for nonwillful torts, in *Holodook v. Spencer*, 36 N.Y.2d 35, 364 N.Y.S.2d 859, 324 N.E.2d 338 (1974), the court retained a vestige of this rule by holding that the failure of parents to adequately supervise their children should not be considered actionable torts. However, *Holodook*, which was a combined appeal in three cases, involved two four-year-old infants and one three-year-old. The first infant fell from a playground slide while he was under the supervision of his father; the second darted into the street while in the care of his mother; the third, also in the care of his mother, had his hand run over by a power mower being operated by a neighbor's eight-year-old son. Stating that parental supervision is uniquely a matter for the exercise of judgment, the court reasoned that the parents involved had the right to determine, free of second-guessing by the courts, how much independence, supervision, and control their children should have.

We have difficulty in relating the rule and reasoning of *Holodook* to the existence of Mr. Silver's allegedly defective light fixture and railing, dangerous conditions that do not appear to have resulted from the exercise of parental judgment. We are satisfied, at least, that it was error to hold on motion that the gravamen of plaintiffs' complaint was negligent supervision.

The cases of *Nolechek v. Gesuale*, 46 N.Y.2d 332, 413 N.Y.S.2d 340, 385 N.E.2d 1268 (1978), and *Zikely v. Zikely*, 98 A.D.2d 815, 470 N.Y.S.2d 33 (1983), *aff'd on opinion below*, 62 N.Y.2d 907, 479 N.Y.S.2d 8, 467 N.E.2d 892 (1984), upon which defendants also rely, do not require us to hold otherwise. *Nolechek* involved parental permission for a partially blind, unlicensed minor to operate a motorcycle, a squarely presented issue of adequate parental supervision. In *Zikely*, the mother of a fourteen-month-old infant left the bathroom after turning on the hot water faucet in the bathtub. The child, left unsupervised, fell into the tub and was severely burned. The court held that it did not matter that the negligent condition was created by the parent; "[t]he proximate cause of the injury was the negligent supervision of the infant." *Id.* Again, the crucial element was inadequate supervision.

Plaintiffs in the instant case make no claim that Teena Silver negligently supervised Randy, who was injured only three days prior to her fifteenth birthday. Plaintiffs' sole claims of negligence are that there was a defective light fixture and a dangerous stair railing. In holding as a matter of law that plaintiffs' complaint must be dismissed because it alleges only negligent supervision, the district court appears to have misinterpreted both the complaint and the applicable law. *See Lynch v. Lynch*, 88 A.D.2d 972, 452 N.Y.S.2d 321 (1982) *(mem.)*; *Hurst v. Titus*, 77 A.D.2d 157, 432 N.Y.S.2d 938 (1980).

That portion of the district court's judgment which dismissed plaintiffs' complaint is reversed and that portion which denied plaintiffs' motion for summary judgment is affirmed. Whether this is a case of inadequate parental supervision is best determined at trial, and the matter is remanded to the district court so that this can be done.

Costs to appellants.