Burke, J.
Plaintiff Adele Gelbman was the passenger in an automobile owned by her and operated by her unemancipated 16-year-old son. This vehicle collided with the automobile owned and driven by one Herman Rudder while proceeding along a major thoroughfare in White Plains. Plaintiff, seriously injured in the accident, has commenced separate negligence actions against both drivers. The Rudder litigation has not yet been concluded, and is not now before the court. An insurance company, representing her son in the second action, has interposed as an affirmative defense the fact that defendant is the unemancipated son of plaintiff. The trial court, relying on prior decisions of this court, responded by dismissing the complaint. That determination was unanimously affirmed by the Appellate Division.
In this appeal, plaintiff requests that we review and. then revoke a rule of this State prohibiting child-parent suits for nonwillful torts, first established in 1928 (Sorrentino v. Sorrentino, 248 N. Y. 626) and twice reaffirmed (Cannon v. Cannon, 287 N. Y. 425; Badigian v. Badigian, 9 N Y 2d 472). While those eases dealt with suits by minors against parents, the converse of the present situation, the underlying policy considerations which influenced those decisions — if presently viable — should be equally determinative of this appeal.
The majority in Badigian proffered three reasons for maintaining the intrafamily immunity doctrine, barring suits for nonwillful torts. Thus, it was noted that no other jurisdiction had seen fit to abolish the immunity doctrine. This inactivity was attributed, at least in part, to the belief that a suit by a child against a parent would have serious consequences upon the unity of that family. The immunity rule was characterized *437 as “a concept that cannot be rejected without changing the whole fabric of our society, a fundamental idea that is at the bottom of all community life” (Badigian v. Badigian, 9 N Y 2d 472, 474, supra). Because of the changes envisioned by a repudiation of the rule, and because of the unprecedented disposition requested, it was suggested that the Legislature take the initiative in the area.
Seven years have passed since that decision: During that period, there has been a judicial erosion of the intrafamily immunity doctrine for nonwillful torts by courts of sister States. During that same interval, legislative intervention has not been forthcoming. While I agreed with the majority in Badigian that the doctrine should be abrogated by the Legislature, I no longer adhere to that view. As the courts of other States have indicated in abandoning it, the doctrine of intrafamily immunity for nonwillful torts was a court-created rule and, as such, the courts can revoke it. The inactivity of the Legislature since the time of our decision in Badigian illustrates the fact that the rule will be changed, if at all, by a decision of this court.
It is now apparent that the Sorrentino decision can again be reaffirmed only if we conclude that the doctrine is essential for the purpose of preserving family unity. However, the invocation of that argument is not persuasive, as it would require us to conclude that family unity is promoted when a parent is prohibited from suing a child. It seems obvious that family unity can only be preserved in this case by permitting the present action. As one commentator noted, “If the action of the parent against the child is viewed as a manifestation of the parent’s right to discipline and punish his child” (Note, 33 St. John’s L. Rev. 310, 319) then such an action would be a proper exercise of parental authority, which authority should not be impaired by the doctrine of intrafamily tort immunity.
A more difficult but not insoluble question is presented when the child is suing his parent.. However, as Judge Ftjld stated in his dissenting opinion in Badigian, 1 ‘ A rule which so incongruously shields conceded wrongdoing bears a heavy burden of justification ” (9 N Y 2d 472, 475, supra). Rather than repeat the convincing arguments advanced by Judge Fuld in his com *438 prehensive dissent in Badigian, I would merely summarize the many points advanced therein for the abolition of the immunity rule.
First, the doctrine does not apply if the child is of legal age (9 N Y 2d, p. 476). Moreover, the tolling provisions of the Civil Practice Law and Rules would seem to protect the right of the child to maintain the action upon reaching majority. The doctrine is also inapplicable where the suit is for property damage (9 N Y 2d, p. 476). Thus, suits have been successfully maintained involving contracts, wills and inheritances.
Another anomaly permitted the unemancipated minor to maintain an action for personal injuries willfully or intentionally inflicted (e.g., Cannon v. Cannon, 287 N. Y. 425, 427, 429, supra). Finally, there were exceptions even in those instances where the child’s suit arose as the result of an automobile accident. As Judge Fuld indicated, it was a common case for the- child to sue his parent’s employer, - even though that parent might subsequently be required to indemnify said employer. Also, it was noted that other jurisdictions had permitted suits where the unemancipated child’s injuries were caused by the parent’s negligent operation of a vehicle being used in connection with a business (9 N Y 2d, p. 477). These exceptions neither permit reconciliation with the family immunity doctrine, nor provide a meaningful pattern of departure from the rule. Rather, they attest the primitive nature of the rule and require its repudiation. We, therefore, overrule our decisions in Sorrentino, Cannon and Badigian.
The parties recognize, as we must, that there is compulsory automobile insurance in New. York. Such insurance effectively removes the argument favoring continued family harmony as a basis for prohibiting, this. suit. The present litigation is, in reality, between the parent passenger and her insurance carrier. Viewing the case in this light, we are unable to comprehend how the family harmony will bo enhanced by prohibiting this suit.-
The argument has been-advanced that, by permitting suits between parent and child for nonwillful negligent acts, we will be encouraging fraudulent lawsuits. The arguments fails to explain how the possibility of fraud would be magically removed merely by the child’s attainment of legal majority. Nor does *439 the argument pretend to present the first instance in which there is the possibility of a collusive and fraudulent suit. There are analogous situations in which we rely upon the ability of the jury to distinguish between valid and fraudulent claims. The effectiveness of the jury system will pertain in the present situation. The definite and vital interest of society in protecting people from losses resulting from accidents should remain paramount. (See James, Accident Liability Reconsidered: The Impact of Liability Insurance, 57 Yale L. J. 549.)
By abolishing the defense of intrafamily tort immunity for nonwillful torts, we are not creating liability where none previously existed. Rather, we are permitting recovery, previously denied, after the liability has been established. We, therefore, conclude that the present decision should be applied retrospectively to matters which have not gone to final judgment.
The order appealed from should be reversed, the complaint reinstated, and the motion to strike the affirmative defense granted.
Chief Judge Fxjld and Judges Scileppi, Bergan, Keating, Breitel and Jasen concur.
Order reversed, without costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein.