George L. Cobb, J.
In a negligence action, defendant Jarrette moves to dismiss the complaint as to him on the ground that it fails to state a cause of action.
The complaint alleges that while the infant plaintiff was being carried in her mother’s arms across a State highway, she and her mother, the decedent, Ann Jarrette, were struck by an automobile owned, and then being operated, by the defendant Likens. It is said that, under the circumstances, decedent was guilty of negligence in then crossing the said highway and carrying the infant across the said highway. The movant, however, says that the complaint fails to state a *691 cause of action because the manner in which a parent supervises and. controls her infant child is not actionable in New York.
In Holodook v Spencer (36 NY2d 35), the Court of Appeals held that, in the three cases then being decided, infants had no causes of action against their respective parents for negligent supervision. Plaintiff here, however, says that the decedent was carrying her child across an unlit superhighway at a place not designated for pedestrian crossing and that the wrongs charged fall outside the parental function of supervision. Plaintiff says that the circumstances here are akin to those in Gelbman v Gelbman (23 NY2d 434) wherein the court held that a mother riding as a passenger in a motor vehicle being negligently operated by her unemancipated 16-year-old son had a cause of action against him for injuries sustained.
In Holodook v Spencer (supra, pp 50-51), the court explained the difference between the rule of Gelbman v Gelbman (supra) and the rule then being promulgated by the use of the following language: "The mutual obligations of the parent-child relation derive their strength and vitality from such forces as natural instinct, love and morality, and not from the essentially negative compulsions of the law’s directives and sanctions. Courts and legislatures have recognized this, and consequently have intruded only minimally upon the family relation. This is so, and properly, because the law’s external coercive incentives are inappropriate to assuring performance of the subtle and shifting obligations of family. Of course, where the duty is ordinarily owed, apart from the family relation, the law will not withhold its sanctions merely because the parties are parent and child. This is the consequence of Gelbman. There, the duty to drive carefully was owed to the world at large and derived from the parties’ relation as a driver and passenger; that the parties were also child and parent was a fortuitous fact, irrelevant to both the duty and to a determination of its breach. By contrast, the cases before us involve a parent’s duty to protect his child from injury — a duty which not only arises from the family relation but goes to its very heart. Gelbman did not pave the way for the law’s superintendence of this duty”.
Certainly the decisions of a parent as to whether to control a child’s action by oral directions, by physical guidance or by picking up the child, should not be the subject of court supervision. This case, however, also involves the reviewabil *692 ity of a parent’s decision to transport her child from one place to another as well as the manner in which that transportation should be effected. The court believes that those matters, too, fall within the area proscribed by Holodook (supra) and are not actionable.
Certainly no one can say that it was a "fortuitous fact” that this infant plaintiff was in her mother’s arms rather than in the arms of a stranger at the time of the accident. The circumstances upon which plaintiff seeks to predicate liability here arise rarely, if at all, in the absence of a parent-child relationship.
The motion will be granted.