■ MICHAEL GOEDKOOP, an Infant, by JOHAN GOEDKOOP, His Father, et al., Respondents, v WARD PAVEMENT CORP. et al., Appellants.—In an action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Rockland County, entered February 24, 1975,

which denied their separate motions to amend their answers to include a counterclaim against the plaintiff father for indemnification. Order reversed, without costs, and motions granted. The proposed amended answers must be served within 20 days after entry of the order to be made hereon. This is an action for personal injuries allegedly sustained by the infant plaintiff as the result of the explosion of a blasting cap. The complaint alleges that sometime during the years 1968 and 1969 defendant John Joseph, Inc., was engaged in demolition work on behalf of defendant Ward Pavement Corp.; that in the course of this work a number of blasting caps were allowed to remain in the area; and that sometime thereafter the infant plaintiff found some of those caps and removed them to his home. Defendants assert that the plaintiff father took the caps and placed them in a jar in his basement; that about two years thereafter the infant removed one of the blasting caps and tried to put the point of a compass into the explosive; and that his action resulted in an explosion which caused the infant severe and permanent injuries. After the service of the complaint and answers, each defendant moved to amend its answer so as to include therein a counterclaim against the father for negligently maintaining the blasting caps in his basement and, accordingly, contributing, if not causing, the child's injuries. Special Term denied the motions, noting that the recent decision by the Court of Appeals in *Holodook v Spencer* (36 NY2d 35) barred any cause of action based upon a parent's failure to supervise his child. Although *Holodook* does bar an action grounded on a parent's failure to supervise a child, we do not read the purported counterclaims as such. It is not simply alleged that the father was not aware of his son's activities; rather, the import of the counterclaims is that the father, with knowledge of the material, negligently maintained blasting caps in his basement. The duty not to negligently maintain explosives is a duty owed to all and is not simply a duty emanating from the parent-child relationship (see, e.g., *Holodook v Spencer,* 36 NY2d 35, 50–51, *supra;* see, also, *Wheeler v Bello,* 78 Misc 2d 540). We additionally note that a determination as to what was the proximate cause of the infant's injuries must await a trial of the action (see, e.g., *Kingsland v Erie Co. Agric. Soc.,* 298 NY 409; 35 CJS, Explosives, § 5). Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.