■ WALTER L. NOLECHEK, Individually and as Administrator of the Estate of SCOTT W. NOLECHEK, Deceased, Plaintiff v THOMAS GESUALE et al., Respondents, et al., Defendants. WALTER L. NOLECHEK, Third-Party Plaintiff-

Respondent, v PAUL NEIMAN et al., Third-Party Defendants-Appellants.—In an action to recover damages for wrongful death, etc., the third-party defendants appeal from an order of the Supreme Court, Suffolk County, dated September 28, 1976, which denied their motion to dismiss the third-party complaint for failure to state a cause of action. Order reversed, on the law, with $50 costs and disbursements payable by third-party plaintiff to appellants, motion granted, and third-party complaint dismissed. On October 29, 1957 the deceased's right eye was enucleated and he was provided with a glass eye. As a result of the loss of his right eye, the deceased's vision at long distance was uncorrectable. In January, 1971, the deceased's father, plaintiff and third-party plaintiff Walter L. Nolechek, purchased a motorcycle for the deceased. The deceased never possessed or applied for a driver's license of any type. On September 30, 1973, the deceased and others were riding their motorcycles on Lawrence Road when he came into contact with a steel cable suspended across the road and was killed. At the time of his death the deceased was not riding the motorcycle purchased for him by his father, but was riding a motorcycle owned by the third-party defendants. The deceased and third-party defendant Paul Neiman had apparently exchanged motorcycles prior to the accident. After plaintiff commenced the wrongful death action, the defendants Thomas Gesuale and Star Sand and Gravel Company counterclaimed against the deceased's father, seeking contribution from him of an equitable share of any judgment which might be had against them. Those defendants alleged that any damages sustained by the estate of the deceased were in part due to Walter Nolechek's providing a motorcycle to the deceased infant, knowing that he was not competent or qualified to operate the motorcycle and had the propensity to operate it in a manner dangerous to himself and to others. The plaintiff, in a third-party complaint alleged against the third-party defendants the same acts of negligence in substance as were alleged against him in the counterclaim and seeks contribution for any judgment against him on the counterclaim. The essence of the counterclaim is that the deceased's father failed to properly supervise him. An infant has no cause of action against a parent for lack of proper supervision; the defendants-respondents cannot seek an apportionment of damages against the parent where it is the infant who has suffered the injury (see *Holodook v Spencer,* 36 NY2d 35; *Lastowski v Norge Coin-O-Matic,* 44 AD2d 127). As the counterclaim does not state a cause of action, the third-party complaint, which is based upon the counterclaim, should have been dismissed. Latham, J. P., Rabin and Titone, JJ., concur; O'Connor, J., concurs in the result, with the following memorandum: The third-party complaint was properly dismissed, but certainly not for the reasons set forth by my brethren in the majority. When the father of a child, possessing the knowledge that the child has had one eye enucleated and therefore has great difficulty with depth perception, and that he also does not have a driver's license, provides that child with an uninspected and unregistered motorcycle, that father is undeniably and indubitably guilty of something more than "lack of supervision". Although under normal circumstances I would not characterize a motorcycle as a "dangerous instrument", the compelling facts of this case lead to an inescapable conclusion that the plaintiff, in providing his son, handicapped both by a physical ailment and a failure to obtain a license to operate the vehicle, with a vehicle that is not easily controllable and is capable of attaining great speeds, was guilty of negligence that created a danger to all of society. The counterclaim of the defendants should therefore not be dismissed (see *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542; *Wheeler v Bello,* 78 Misc 2d 540). The third-party

complaint, however, should nevertheless be dismissed. The exchange of motorcycles which led to the inclusion of the third-party defendants was merely fortuitous. There is no view of the facts, upon the bare allegations set forth in the third-party complaint, which would support a finding that the actions of the third-party defendants were in any sense a proximate cause of the tragic accident.