OPINION OF THE COURT
Irving Fudeman, J.
The defendant brings this motion for summary judgment seeking a dismissal of the complaint on the grounds that this is an action brought by an infant against his mother based upon negligent parental supervision and is therefore barred under the authority of Holodook v Spencer (36 NY2d 35). The court does not agree.
On July 21,1980, the infant plaintiff, Daniel Malin, then two and a half years of age, sustained serious injuries when he was run over by an unattended automobile. The automobile had been parked by the defendant, Joan B. Malin, the mother of the infant plaintiff on an incline in the driveway of the Malin home. The defendant had placed Daniel in the front seat of the car. She did not put him in a protective child’s car seat nor did she fasten a seat belt around him. She then left the car and went behind the garage of her residence to speak with her mother. The defendant testified at an examination before trial that when she left the car, the gear shift was in the park position, the ignition key was off, but the keys were left in the ignition switch. The car was equipped with power locks and by pressing a button on the door on the driver’s side of *1079 the car, all doors could be locked simultaneously. The doors were closed, but were not locked. The parking brake was not applied. While the defendant was talking to her mother, Daniel got out of the car. The car began rolling down the driveway and the left front wheel ran over him, causing his injuries.
In 1969 the Court of Appeals abolished the defense of intrafamily tort immunity for nonwillful torts (Gelbman v Gelbman, 23 NY2d 434). Then in 1974 the Court of Appeals decided that notwithstanding Gelbman, actions between a child and his parent based solely upon negligent parental supervision are still not maintainable (Holodook v Spencer, 36 NY2d 35). However, it was pointed out in the Holodook decision (36 NY2d, at pp 50, 51) that this exception to the Gelbman rule is limited: “Of course, where the duty is ordinarily owed, apart from the family relation, the law will not withhold its sanctions merely because the parties are parent and child. This is the consequence of Gelbman. There the duty to drive carefully was owed to the world at large and derived from the parties’ relation as driver and passenger; that the parties were also child and parent was a fortuitous fact, irrelevant to both the duty and to a determination of its breach.”
In the instant litigation, the trier of fact could render a verdict against the defendant based upon acts of negligence other than negligent parental supervision. The duty of the defendant to park carefully was owed to the world at large; and derived from the parties’ relation as driver and pedestrian. The fact that the parties were mother and son was irrelevant to both the duty and to a determination of its breach. Clearly, questions of fact are presented here as to whether or not the defendant exercised due care in parking her vehicle.
The trier of fact could also find that placing a two- and a half-year-old infant in an automobile while the keys were in the ignition switch, so that the infant had access to the means of putting the car in motion, could also constitute negligence other than negligent parental supervision. Summary judgment is therefore denied.