■ KAREN M. TROST, Individually and as Administratrix of the Estate of DAVID TROST, Deceased, Plaintiff, v METRO-NORTH COMMUTER RAILROAD et al., Respondents, and DONALD L. TROST, JR., Appellant.—In an action, *inter alia,* to recover damages for wrongful death, the defendant Donald L. Trost, Jr., appeals from so much of an order of the Supreme Court, Dutchess County (Beisner, J.), entered May 13, 1987, as, *inter alia,* denied his motion for partial summary judgment dismiss-

ing the affirmative defenses and cross claims asserted by the defendants Metro-North Commuter Railroad, The National Railroad Passenger Corporation, and Consolidated Rail Corporation "insofar as [they] are referable to the personal injuries of the defendant, Donald L. Trost, Jr.".

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 10, 1984, the defendant Donald L. Trost, Jr. took his 11-year-old son, David, fishing near a railroad trestle over the Fishkill Creek, in Dutchess County. David left his father in order to retrieve a fishing pole from their car. He started to cross the railroad trestle when a southbound Amtrak train came into view. Although David attempted to evade the path of the oncoming train, he was struck and died instantaneously. David's father had attempted to rescue him but was also hit by the train. He sustained physical injuries as a result of the impact.

The plaintiff, David's mother, commenced this action in her individual capacity and as administratrix of the estate of her son. She asserted claims against Metro-North Commuter Railroad, The National Railroad Passenger Corporation and Consolidated Rail Corporation (hereinafter the defendant railroads) and also interposed claims against David's father. Although the defendant father initially appeared in a defensive posture only, he later moved and was granted permission to serve a supplemental answer in which he asserted cross claims against the defendant railroads to recover damages for the physical, psychological and emotional injuries allegedly sustained by him as a result of the incident.

In reply to the father's cross claims, the defendant railroads asserted various affirmative defenses, including contributory negligence and assumption of risk, as well as additional cross claims for contribution and/or indemnification.

The defendant father now appeals from the denial of his motion for partial summary judgment dismissing the affirmative defenses and cross claims raised by the defendant railroads in reply to his causes of action to recover damages against them for the personal injuries allegedly sustained by him.

We find, as did the Supreme Court, that the defendant railroads' cross claims and affirmative defenses, insofar as they pertain to the father's personal injuries, are not predicated upon the theory of negligent parental supervision and that they need not be dismissed (cf., Holodook v Spencer, 36

NY2d 35). The cross claims and affirmative defenses at issue on appeal relate to the defendant father's conduct in exposing himself to known and obvious dangers and in acting in derogation of his own safety. These allegations do not emanate from the parent-child relationship *(see, Grivas v Grivas,* 113 AD2d 264; *Acquaviva v Piazzolla,* 100 AD2d 502; *Goedkoop v Ward Pavement Corp.,* 51 AD2d 542) and the Supreme Court was, therefore, correct in concluding that the *Holodook* (36 NY2d 35, *supra)* principle of nonliability for negligent supervision by a parent of a child could not be applied so as to preclude the defendant railroads from invoking defenses in connection with the father's efforts to recover damages for his own personal injuries.

We find, moreover, that factual issues exist as to, *inter alia,* whether the father's conduct was the proximate cause of his own injuries, and that resolution of these issues must await the trial of the action *(see, Grivas v Grivas, supra,* at 269; *see also, Semmens v Hopper,* 128 AD2d 767). Mollen, P. J., Thompson, Rubin and Eiber, JJ., concur.