605 A.2d 274

LISA HORN, A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM, MELISSA VANCE KIRSCH, PLAINTIFF–APPELLANT, v. BARBARA PRICE, DEFENDANT–RESPONDENT, AND WILLIAM PRICE, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued March 17, 1992—Decided April 9, 1992.

Before Judges MICHELS, O'BRIEN and HAVEY.

*Charles H. Nugent, Jr.* argued the cause for appellant (*Hartman, Marks & Nugent*, attorneys; *Charles H. Nugent, Jr.* of counsel and on the brief).

*Lawrence Berg* argued the cause for respondent (*Marshall, Dennehey, Warner, Coleman & Goggin*, attorneys; *Brian Darreff*, of counsel; *Brian Darreff* and *Lawrence Berg*, on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Plaintiff Lisa Horn (Lisa), an infant by her Guardian *ad Litem* Melissa Vance Kirsch, appeals from a summary judgment of the Law Division, which dismissed the Second Count of

her Complaint against her mother defendant Barbara Price, in which Lisa sought to recover damages for personal injuries sustained as a result of an automobile accident. Lisa sued her mother on a theory of negligent supervision. The trial court held that Lisa had failed to establish willful or wanton misconduct on the part of Barbara Price and, therefore, dismissed the Second Count of the Complaint on the ground that the action was barred by the doctrine of parental immunity.

Briefly, in July 1987, Lisa, then age 6, was a passenger in an automobile being driven by her mother, Barbara Price. Barbara Price, Lisa, and Robert Gerst, who was a guest of and a few years older than Lisa, were returning home from a family vacation at the Outdoor World Campground in Sea Isle, New Jersey. Barbara Price was following defendant William Price, Lisa's step-father, who was driving a pick-up truck and towing a 24-foot trailer. As the family was proceeding on County Route 670 in Maurice River Township, New Jersey, Barbara Price noticed something dragging underneath the trailer and told Robert to call her husband on the CB radio. Thereafter, William Price pulled over prior to an intersection on Route 670 in an area approximately "300 by 300" "where people had set up makeshift concession stands" or "where they might have had like a little tiny flea market."

With the truck still running William Price got out of his vehicle, where he was met by Robert, to fix the chain. Wanting to follow Robert, Lisa asked her mother if she too could get out of the automobile, but was instructed not to by her mother. Nevertheless, Lisa exited the automobile and went to the area where the truck and trailer were hitched together. Within minutes after Lisa left her mother's automobile, Robert returned without seeing Lisa. Apparently, Lisa went to the area between the truck and trailer unseen by anyone and proceeded to look underneath the trailer. William Price put his truck in gear and pulled away, thereby causing Lisa's injuries. Lisa was taken to Millville Hospital where she was treated for her injuries and hospitalized for approximately five days.

In July, 1989, Lisa instituted this action against William Price on a theory of negligent operation of a motor vehicle and Barbara Price on a theory of negligent supervision of Lisa. After the issue had been joined and discovery completed, Barbara Price moved for summary judgment, arguing that the action against her was barred by the doctrine of parental immunity. Although the Complaint did not allege willful or wanton misconduct, the trial court heard the motion as if the complaint had been amended to charge such misconduct and then concluded that Lisa had failed to show willful or wanton misconduct by Barbara Price. The trial court, therefore, dismissed the action on the ground that it was barred by the doctrine of parental immunity. After Lisa had settled the matter with her stepfather and the action was, therefore, final as to all parties, this appeal followed.

We are satisfied from our study of the record and the arguments presented that the trial court properly held that Barbara Price's conduct did not constitute willful or wanton misconduct and, therefore, the action against Barbara Price was barred by the doctrine of parental immunity. The trial court's decision in this regard was controlled by and consistent with the principles discussed in *Foldi v. Jeffries*, 93 *N.J.* 533, 461 *A.*2d 1145 (1983). Moreover, we are satisfied that all issues of law raised are clearly without merit. *R.* 2:11-3(e)(1)(E). Accordingly, the judgment under review is affirmed substantially for the reasons expressed by Judge Smith in his oral opinion of August 31, 1990.

We add that the public policy reasons existing for the retention of the doctrine of parental immunity for matters arising out of the exercise of parental authority comply with equal force and effect to Barbara Price's conduct. *Foldi v. Jeffries, supra*, 93 *N.J.* at 545–47, 461 *A.*2d 1145. Furthermore, *Mancinelli v. Crosby*, 247 *N.J.Super.* 456, 589 *A.*2d 664 (App.Div. 1991), relied upon by plaintiff, is clearly distinguishable and does not support a contrary result. In *Mancinelli v. Crosby, supra*, our court held that the doctrine of parental immunity

did not protect a mother's conduct in carelessly leading her child onto a busy street directly into the path of an on-coming vehicle. Rather, the court found that such action "was simple, garden-variety negligence by the parent which exposed both the parent and the child to injury." 247 *N.J.Super.* at 461, 589 *A.*2d 664. Therefore, the court concluded that the "[d]enial of parental immunity ... [did] not constitute judicial intrusion into a parent's philosophy of child rearing but only simple recognition of the parent's breach of a duty of due care which we all generally owe to both ourselves and others in the community." *Id.* The court found that "[t]he only judgment involved ... [was] how to safely cross a street, not how to care for or rear a child." *Id.* at 463, 589 *A.*2d 664. *But see Agin v. Likens,* 81 *Misc.*2d 690, 691–92, 366 *N.Y.S.*2d 798, 800 (N.Y.Sup.1975). Therein, the New York Supreme Court stated:

> Certainly the decisions of a parent as to whether to control a child's action by oral directions, by physical guidance or by picking up the child, should not be the subject of court supervision. This case, however, also involves the reviewability of a parent's decision to transport her child from one place to another as well as the manner in which that transportation should be effected. The court believes that those matters, too, fall within the area proscribed by *Holodook [v. Spencer,* 36 N.Y.2d 35, 364 N.Y.S.2d 859, 324 N.E.2d 338] (supra) [ (1974) ] and are not actionable.

*See also Carey v. Davison,* 181 *N.J.Super.* 283, 290–92, 437 *A.*2d 338 (Law Div.1981).

Here, Barbara Price's actions in dealing with Lisa constituted parental supervision. Even if we assume that it may somehow be considered negligent, Barbara Price's conduct did not rise to the level of willful or wanton misconduct such that parental immunity would not apply. First, the decision of whether it was appropriate for Lisa to leave the automobile clearly involved parental supervision as Barbara Price was in the best position to know the limitations and capabilities of her own child. *Foldi v. Jeffries, supra,* 93 *N.J.* at 546, 461 *A.*2d 1145. This case more resembles the instances as in *Foldi v. Jeffries,* "where a parent briefly loses sight of his or her child." 93 *N.J.* at 551, 461 *A.*2d 1145.

Second, there is nothing in this record to show or even suggest that Barbara Price was recklessly or consciously indifferent to Lisa's welfare. The parents had pulled off the heavily travelled County Route 670 into a dirt area large enough for concession stands or a little flea market. Lisa, ignoring her mother's instruction, exited the automobile and was out of Barbara Price's sight for a limited time. When Robert returned moments later without Lisa, Barbara Price immediately questioned him as to her daughter's whereabouts. Upon hearing her husband put the truck in gear, Barbara Price suddenly feared that her daughter was going to get run over. Given these circumstances, Barbara Price's actions were not and could not fairly be construed to be willful and wanton misconduct sufficient to preclude application of the doctrine of parental immunity as a defense to Lisa's claim against her mother.

Affirmed.