*455 OPINION OF THE COURT
Per Curiam.
Order entered May 29, 1991 reversed, with $10 costs, defendant Rivka Kronengold’s motion for summary judgment dismissing the complaint as against her is denied and the complaint reinstated.
In this negligence action for personal injuries, the infant plaintiff, then 2Vz years old, was involved in a pedestrian accident. The infant plaintiff was struck and injured by a southbound motor vehicle while being held in his mother’s arms as she attempted to cross an intersection at West 106 Street and Broadway, allegedly against a red light. The accident occurred on March 22, 1986, at approximately 10:00 a.m. while plaintiff’s family was walking to a synagogue.
The infant, by his father, sues for personal injuries against his mother (defendant Rivka Kronengold) and defendant Dennis Berger, the owner and operator of the motor vehicle. The infant’s father asserts a derivative claim for both medical expenses and loss of services. Following joinder of issue and the deposition of the infant plaintiff’s mother, the court below granted defendant mother’s motion for summary judgment dismissing the complaint as against her. Civil Court reasoned that this claim was solely one for negligent parental supervision and, thus, not actionable under Holodook v Spencer (36 NY2d 35).
We reverse. Contrary to the holding of the court below, the facts alleged in this case are sufficient to state a cognizable claim for simple ordinary negligence arising from an intrafamily tort (see, Gelbman v Gelbman, 23 NY2d 434), a claim separate and distinct from negligent supervision.
Significantly, unlike traditional negligent supervision cases, the case before us does not require judicial intervention into the subjective factors involving parental child care and supervision (cf., Zikely v Zikely, 98 AD2d 815, affd 62 NY2d 907 [mother, who allowed unsupervised child to fall into bathtub filled with scalding water while preparing child’s bath, protected from liability]).
Rather, "[t]he only judgment involved here is how to safely cross a street, not how to care for or rear a child” (Mancinelli v Crosby, 247 NJ Super 456, 463, 589 A2d 664, 667 [App Div 1991] [parent, who negligently led seven-year-old child by the hand from curb onto street in midblock, directly into path of *456 moving vehicle, held solely liable for negligence upon a jury verdict]).
Although the duty to safely lead a child (and oneself) across the street will usually arise in the parent-child relationship, this breach of a duty of due care is essentially one owed to "both ourselves and others in the community” (Mancinelli v Crosby, supra, at 461, at 666) and the world at large, including owners and operators of motor vehicles and other pedestrians. To the extent that Agin v Likens (81 Misc 2d 690) holds that this duty is dependent on the parent-child relationship, we decline to follow it.
Furthermore, shielding the infant plaintiff’s mother from liability in this action would promote none of the public policy considerations underlying the Holodook (supra) parental immunity exception to the Gelbman rule (which rule abolished intrafamily immunity for nonwillful torts).
. Finally, on the merits, triable issues of fact exist warranting denial of defendant mother’s summary judgment motion on this sparse record (see generally, Rotz v City of New York, 143 AD2d 301, 304).