McCooe, J.
(dissenting). I respectfully dissent.
The issue is whether the parent’s conduct in allegedly crossing against the red light constitutes nonactionable negligent supervision or actionable negligence because the parent breached a duty owed to the public at large. I find that the action is not maintainable because the parent’s conduct constitutes negligent supervision which is not a recognized tort in New York. (Holodook v Spencer, 36 NY2d 35.)
The child in Holodook (supra) was struck by a vehicle when he ran from between parked cars. The action based on negligent parental supervision was dismissed on the ground that it is not a recognized tort. Gelbman v Gelbman (23 NY2d 434) had previously abrogated the defense of intrafamily immunity for nonwillful torts. The Holodook court stated that the decision in Gelbman did not create a new cause of action for negligent parental supervision. "There [Gelbman v Gelbman], the duty to drive carefully was owed to the world at large and derived from the parties’ relation as driver and passenger; that the parties were also child and parent was a fortuitous fact, irrelevant to both the duty and to a determination of its breach. By contrast, the cases before us involve a parent’s duty to protect his child from injury — a duty which not only arises from the family relation but goes to its very heart. *457 Gelbman did not pave the way for the law’s superintendence of this duty.” (Holodook v Spencer, supra, 36 NY2d, at 50-51.)
Crossing the street with a child in her arms " 'involve[s] a parent’s duty to protect [the] child from injury’ ” and does not breach any duty " 'owed to the [public] at large’”. (Agin v Likens, 81 Misc 2d 690, 691.) Factually, I find no breach of a duty owed to the public at large by the parent which is the point of departure from the majority view. (Young v Greenberg, 181 AD2d 492; Pravato v Pravato, 175 AD2d 116; see also, 2C Warren, Negligence § 80.02 [3]; Kelner and Kelner, Trial Practice: Tort Liability of Negligent Parents, NYLJ, Jan. 9, 1991, at 3, col 1.)
The judgment should be affirmed.
Parness, J. P., and Miller, J., concur; McCooe, J., dissents in a separate memorandum.