■ Jason DeVito, Respondent, v Jeffrey Tepper, Appellant, et al., Respondent. [834 NYS2d 473]—

In an action to recover damages for personal injuries, the defendant Jeffrey Tepper appeals from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered June 7, 2006, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 13, 2003 the plaintiff, who was working at a golf course, was struck by a golf cart operated by the appellant's son, who was approximately 3½ years old. Before the accident occurred, the appellant parked the cart on a sloped fairway, got out with his son, walked 10 yards away, and started watching a group of children to whom the plaintiff was giving golf lessons. The plaintiff testified at his deposition that he warned the appellant to turn the golf cart's key to the "off position" every time he got out of the cart, but the appellant testified at his own deposition that he did not recall if he had in fact turned the key to the "off position" in this instance.

On his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, the appellant, who owed the plaintiff a duty to exercise reasonable care in parking the golf cart (*cf. Holodook v Spencer*, 36 NY2d 35, 50-51 [1974]; *Grivas v Grivas*, 113 AD2d 264, 269 [1985]; *Acquaviva v Piazzolla*, 100 AD2d 502, 504 [1984]; *Malin v Malin*, 124 Misc 2d 1078, 1079 [1984], *affd* 113 AD2d 1024 [1985]), failed to establish that he fulfilled that duty. Thus, he failed to meet his burden of establishing his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court correctly denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

The appellant's remaining contention is not properly before this Court (*see Ealey v City of New York*, 16 AD3d 543, 544 [2005]). Spolzino, J.P., Fisher, Covello and McCarthy, JJ., concur.