# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## ON MOTION FOR RECONSIDERATION EN BANC
---

---
### NO. 03-05-00358-CV
---

**Marietta Sepaugh, Individually, and as Next Friend of her minor son, Frank LaGrone, Deceased, Appellant**

**v.**

**Paul LaGrone, Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. GN402204, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING
---

## D I S S E N T I N G   O P I N I O N

This case presents an important opportunity to revisit the court-made doctrine of parental immunity, particularly the appropriate bounds of parental discretion in the face of a duty imposed by law. As the Missouri Supreme Court has expressed:

> The rule of parental immunity is a court-made rule. It was formulated, not by legislative enactment propounding an expressed public policy, but by the courts who asserted their conception of what public policy was. Consequently, courts have a duty to criticize and reexamine their relationship of the rule to public policy and to make such modifications as appear merited.

*Fugate v. Fugate*, 582 S.W.2d 663, 668 (Mo. 1979) (internal quotation marks and citations omitted); *see also Nudd v. Matsoukas*, 131 N.E.2d 525, 531 (Ill. 1956) ("The doctrine of parental immunity,

as far as it goes, was created by the courts. It is especially for them to interpret and modify that doctrine to correspond with prevalent considerations of public policy and social needs.").

As the majority points out, we are bound by the precedents of the Texas Supreme Court. *See Petco Animal Supplies, Inc. v. Schuster*, 144 S.W.3d 554, 565 (Tex. App.—Austin 2004, no pet.). Texas Supreme Court precedent, however, requires us only to apply the doctrine of parental immunity to "alleged acts of ordinary negligence which involve a reasonable exercise of parental authority or the exercise of ordinary parental discretion with respect to provisions for the care and necessities of the child." *Felderhoff v. Felderhoff*, 473 S.W.2d 928, 933 (Tex. 1971). Working within that framework, I believe that this Court, when confronted with the facts of this case, should grant en banc consideration for the purposes of reevaluating its standard for determining the boundaries of "ordinary parental discretion."

The first decision to recognize parental immunity in the United States was the Mississippi Supreme Court's decision in *Hewlett v. George*, 9 So. 885, 887 (Miss. 1891). Stressing the public policy of fostering family harmony and tranquility, the court held that a parent who had wrongfully committed her child to an insane asylum was immune from suit. *Id.* Other state courts adopted the doctrine, citing additional public policy considerations. *See Streenz v. Streenz*, 471 P.2d 282, 283 n.1 (Ariz. 1970) ("The principal reasons stated are (1) disturbance of domestic tranquility, (2) danger of fraud and collusion, (3) depletion of the family exchequer, (4) the possibility of inheritance, by the parent, of the amount recovered in damages by the child, and (5) interference with parental care, discipline and control.").

The doctrine first appeared in Texas in 1948. *See Garza v. Garza*, 209 S.W.2d 1012, 1015 (Tex. Civ. App.—Eastland 1948, no writ) (holding that because minor children would be barred from suing father in tort, they were also barred from recovering for loss of his society). In *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 936 (Tex. 1992), the Texas Supreme Court rejected the promotion of family harmony as the policy basis for parental immunity in favor of the protection of parental discretion, stating, "The real objective of parental immunity . . . is not to promote family harmony; rather, it is simply to avoid undue judicial interference with parental discretion." (citing *Felderhoff*, 473 S.W.2d at 933 ("We recognize that peace, tranquility and discipline in the home are endowed and inspired by higher authority than statutory enactments and court decisions. Harmonious family relationships depend on filial and parental love and respect which can neither be created nor preserved by legislatures or courts.")).

Courts in other jurisdictions have rejected the notion that parental discretion should protect a parent from liability where, as here, an unrelated child would have a valid cause of action, but the child of the alleged tortfeasor would not. *See Broadbent v. Broadbent*, 907 P.2d 43, 50 (Ariz. 1995) (holding that parental immunity did not bar cause of action when child drowned after parent left him unattended near swimming pool, observing, "We fail to see why parents should not be held liable for negligence in failing to supervise their own children near the pool, when their liability would be clear had the children not been their own."); *Grivas v. Grivas*, 113 A.D.2d 264, 269 (N.Y. App. Div. 1985) (holding that parental immunity did not bar claim by child who was injured by lawn mower operated by her mother because child "occupied the same position as any neighborhood child with respect to the operator's duty of care"). It is worth considering whether the public policy of

3

supporting parental discretion is served in this case by applying such a broad view of parental discretion that the unrelated victim of the fire may assert a claim against LaGrone, while Frank is barred from doing so.

Similarly, some courts have taken the position that where the parent owes a duty to the public at large, as opposed to a particularized duty to the child, there is no parental discretion to breach that duty. *See Henderson v. Woolley*, 644 A.2d 1303, 1307-08 (Conn. 1994) (holding that commission of crime is not protected by parental immunity because "that act constitutes a breach of duty owed not only to the child, but to the public at large"); *Grivas*, 113 A.D.2d at 269 (stating that parental immunity did not apply because "the duty to exercise reasonable care in the operation of a lawn mower is a duty owed to all"); *Cummings v. Jackson*, 372 S.E.2d 1127, 1128 (Ill. App. Ct. 1978) (holding that, where parent violated city ordinance by failing to trim trees on her property line, causing child to be hit by car when driver's view was obstructed, child's claim was not barred by parental immunity because duty to comply with ordinance "was owed primarily to the general public . . . and only incidentally to the members of the family"). This Court should consider adopting a similar view in the present case, where LaGrone owed a duty to the public at large to equip his home with properly functioning smoke detectors as required by city ordinance. The danger of a home fire affects not just family members dwelling in the home, but non-family members who might be in the home at the time, as well as inhabitants of neighboring homes. The bounds of public policy in protecting parental decision-making should not be stretched to the point that a parent's failure to comply with a city ordinance requiring functioning smoke alarms in a home—an act of

negligence endangering not the just the parent's own child but the public at large—is considered the reasonable exercise of ordinary parental discretion and authority.

Because I believe that the Court should reevaluate the limits of parental discretion in cases such as this one, I respectfully dissent from the denial of the motion for en banc consideration.

_____

Diane M. Henson, Justice

Filed:   December 11, 2009

5