Sughra v County of Suffolk (2024 NY Slip Op 03066)

Sughra v County of Suffolk

2024 NY Slip Op 03066

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-01702
 (Index No. 623883/18)

[*1]Fatima Sughra, respondent, 
v
County of Suffolk, et al., defendants, Holbrook Chamber of Commerce, appellant.

Law Offices of Cheng & Associates PLLC, Long Island City, NY (Pui Chi Cheng of counsel), for appellant.
Brian J. Levy & Associates, P.C. (Mitchell Dranow, Sea Cliff, NY [Larry Bonchonsky], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Holbrook Chamber of Commerce appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 11, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against that defendant.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2018, the plaintiff commenced this action against the defendant Holbrook Chamber of Commerce (hereinafter the defendant), among others, to recover damages for personal injuries she allegedly sustained when a runaway golf cart crashed through her vendor tent at a carnival organized by the defendant. Prior to the accident, the golf cart was left parked by a carnival volunteer with the key in the "on" position while the volunteer exited to help another vendor load supplies into the golf cart. At some point while the supplies were being loaded, and while the volunteer was still outside of the golf cart, a five- or six-foot pop-up tent that either the volunteer or the vendor had loaded into the golf cart fell onto or otherwise depressed the "go" pedal, causing the golf cart to accelerate into the surrounding tents.
The plaintiff moved, inter alia, for summary judgment on the issue of liability against the defendant on the ground that the defendant's failure to exercise reasonable care in parking the golf cart was the proximate cause of her injuries. In an order dated January 11, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendant appeals.
"The elements of a cause of action alleging common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury" (Wei-Hong Zhou v Doe, 136 AD3d 807, 808 [internal quotation marks omitted]; see Turcotte v Fell, 68 NY2d 432, 437). "The existence and extent of a duty is a question of law" (Rodriguez v Judge, 132 AD3d 966, 968 [internal quotation marks omitted]; see Tagle v Jakob, 97 NY2d 165, 168), while foreseeability and causation are generally "factual issues to be resolved on a case-by-case basis by the fact finder" (Eiseman v State of New [*2]York, 70 NY2d 175, 187; see Tagle v Jakob, 97 NY2d at 168; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Palsgraf v Long Is. R.R. Co., 248 NY 339, 344; Diven v Village of Hastings-On-Hudson, 156 AD2d 538, 539). However, in a proper case, summary judgment may be awarded where "'only one conclusion may be drawn from the established facts'" such that the negligence of the defendant may be concluded as a matter of law (Kriz v Schum, 75 NY2d 25, 34, quoting Derdiarian v Felix Contr. Corp., 51 NY2d at 315; see Henderson v L & K Collision Corp., 146 AD2d 569, 571). In order to establish a prima facie case, the plaintiff must establish that the defendant's acts were "a substantial cause of the events which produced the injury" (Derdiarian v Felix Contr. Corp., 51 NY2d at 315).
Here, the plaintiff established, prima facie, that the defendant owed her a duty to exercise reasonable care in parking the golf cart and that the defendant breached that duty by failing to secure the golf cart in such a manner that it would not be put in motion under the circumstances (see Tierney v New York Dugan Bros., 288 NY 16; DeVito v Tepper, 40 AD3d 805). Viewing the evidence in the light most favorable to the defendant, the undisputed facts demonstrate that the volunteer left the key in the "on" position when he exited the golf cart to load supplies into it with the vendor, including the pop-up tent. As it was reasonably foreseeable that the pop-up tent would be loaded into the golf cart, the only legal conclusion that may be drawn from these facts is that the conduct of leaving the key in the "on" position while the volunteer exited to load the supplies caused the events that produced the plaintiff's injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308).
In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendant.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court